In the Matter of the Liquidation of NEW YORK TITLE AND
MORTGAGE COMPANY.
(Matter of Supplemental Report.)*

Supreme Court, Additional Special Term, New York County, December 7, 1936.

* See 161 Misc. 564.

*William A. Shea* [*Harry Rodwin* and *Jess H. Rosenberg* of counsel], for the Superintendent of Insurance of the State of New York, as liquidator of the New York Title and Mortgage Company, for the motion.

*Benjamin J. Rabin* [*Michael F. Dee* and *Morris Amchanitzky* of counsel], for the Mortgage Commission of the State of New York.

*Wagner, Quillinan & Rifkind* [*Simon H. Rifkind* of counsel], for the trustees of series F-1, series F and series C.

*Kramer & Kleinfeld* [*Barnet Kaprow* of counsel], for the trustees of series B-K.

*Thomas Keogh,* for the trustees of series Q.

*Abraham N. Geller* [*Abraham N. Geller* and *Robert B. Block* of counsel], for the Continental Bank and Trust Company, trustee of series N-83 and N-108 and others.

*Davies, Auerbach & Cornell* [*Martin A. Schenck* and *Ralph C. Williams, Jr.,* of counsel], for Irving Trust Company, as trustee, a claimant.

*Raphael H. Weissman,* for Golden Hill Building Corporation, stockholder.

*Barber, Fackenthal & Giddings,* for William P. Clark.

FRANKENTHALER, J. A motion by the Superintendent of Insurance, as liquidator of New York Title and Mortgage Company, to confirm his " 1st Preliminary Report and Petition " was held in abeyance by this court pending the submission of a supplemental report (1) disclosing the financial condition of the obligors on the bonds secured by the mortgages appraised in the report, and (2) correcting the method of valuing undivided interests in mortgages employed by the Superintendent's appraisers. (*Matter of New York Title & Mortgage Co.,* 160 Misc. 67.) Such a supplemental report has been filed by the Superintendent and the motion to confirm is now before the court for determination.

The supplemental report contains data relating to the financial condition of the persons and corporations who might ultimately be liable for the mortgage debt. The liquidator is of the opinion that the facts disclosed indicate that said persons and corporations would be unable to respond to any judgments which might be obtained against them and accordingly reports that his original recommendations as to the amounts for which the various claims should be allowed should not be changed by reason of the financial circumstances of the obligors. No serious dispute exists as to the

correctness of the liquidator's conclusions in this respect, except perhaps in regard to the claim of Frederick H. Ryder. The facts set forth in the supplemental report do, it is true, tend to indicate that Herzog, the person liable on the Ryder bond, is able *at the present time* to pay at least part of a judgment which might be entered against him, and that on July 15, 1935, the date of the order of liquidation, he could have paid at least part of a judgment which might have been entered against him on that date. The appraisers employed by the liquidator have, however, valued the mortgaged property at $8,500, almost $3,000 in excess of the unpaid principal amount of the mortgage together with the interest accrued thereon. As this valuation has not been controverted the court is obliged to assume that no judgment may be obtained upon the bond during the duration of the emergency. (Civ. Prac. Act, § 1083-b.) It is, therefore, the obligor's probable financial condition at some future time (after the expiration of the emergency) when a judgment may be secured against him, which is to be evaluated, rather than his monetary circumstances on July 15, 1935, or today. Herzog's financial condition, as disclosed by the record, is such that there is abundant justification for the liquidator's opinion that his liability on the bond, only enforcible in the perhaps distant future, is to be treated as valueless in determining the proper amount of Ryder's claim as of July 15, 1935. In this connection, it should be observed that upon the data contained in the supplemental report the liquidator is as competent as the real estate appraisers to evaluate the financial responsibility of the obligors on the bonds.

As stated in this court's opinion on the motion to confirm the original report (*Matter of New York Title & Mortgage Co., supra,* p. 88), no consideration appeared to have been given therein to the practical difficulties confronting owners of fractional interests in mortgages who might desire to obtain concerted action by their co-owners or fellow certificate holders. If a mortgage, for example, was valued by the appraisers at $100,000, a certificate representing one one-hundredth of the face amount of the mortgage was given a value of $1,000, without any deduction by reason of the circumstance that an undivided fractional interest was being evaluated. This court pointed out that " The difficulties and expense involved in securing the cooperation of sufficient certificate holders (or co-owners) to enforce a mortgage, through a reorganization proceeding or otherwise, must be taken into account in estimating the value of an undivided interest in the mortgage." (*Matter of New York Title & Mortgage Co., supra,* p. 88.) In the supplemental report, however, each of the appraisers states: " I have read the opinion of Justice FRANKENTHALER, dated June 17,

1936, rendered upon the motion of the Superintendent of Insurance for confirmation of his report, and particularly that portion with respect to the valuation of a fractional interest in a mortgage. I agree that the proper valuation of a fractional interest in a mortgage requires that a deduction be made, because of the very fact that the holder possesses only a fractional interest, and is not in control." In the case of an undivided one-half interest a deduction of seven and one-half per cent was made, and a deduction of fifteen per cent was taken in the case of undivided interests of one-seventieth and one-thirteenth. In the two latter cases there were 136 and 77 certificate holders, respectively. Objection has been made that the appraisers, in valuing fractional interests, have made excessive deductions, but there is nothing whatsoever in the record to support this claim. The objectors should have submitted affidavits by experts of their own to establish what they considered the proper amounts to be deducted.

Nor is there merit in the contention that the affidavits of the appraisers should have disclosed more fully the processes of reasoning which led them to arrive at their conclusions as to the values of the mortgages appraised by them.

There is, however, one respect in which the supplemental report is erroneous. In appraising the value of Elizabeth Martin's undivided one-half interest in the mortgage originally assigned by the title company to Katharine Cropper, no deduction should have been made by reason of the circumstance that a fractional interest was involved. The bond and mortgage were assigned by the title company *as a whole* and not in undivided portions. The division into undivided one-half interests was effected by the will of Katharine Cropper, not by the company, and the latter could not refuse to recognize the divided ownership which resulted. Its liability should not be increased by a split-up for which it was not responsible. The situation is different where the company is responsible for the division into fractional interests, *e. g.*, by selling certificates. It follows that the Martin claim should be allowed in the amount recommended in the *original* report.

As the original and supplemental reports establish *prima facie* that the claims referred to therein, except the Martin claim, are properly allowable in the amounts recommended by the liquidator in the supplemental report, and as no affidavits have been submitted to controvert the valuations fixed by the appraisers employed by the latter, the motion to confirm the original report, as modified by the supplemental report, is accordingly granted except as to the Martin claim, which, for reasons previously discussed, will be allowed in the sum recommended in the original, rather than in the supplemental, report. Settle order on notice to all who have appeared.